**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
WILFRED ROBINSON,                   :
                                    :      Civil Action
            Plaintiff,              :      2:06-cv-02284 (JLL)
                                    :
        v.                          :      **O P I N I O N**
                                    :
JERRY CHAMBERS and RUBIN SINNS,     :
                                    :
            Defendants.             :
_____ :


**APPEARANCES:**

   WILFRED ROBINSON, Plaintiff pro se
   #315702
   Southwoods State Prison
   Bridgeton, New Jersey 078302

**JOSE L. LINARES, District Judge**

Plaintiff WILFRED ROBINSON (hereinafter "Plaintiff") currently confined at the Southwoods State Prison, Bridgeton, New Jersey, seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted Plaintiff's Complaint (hereinafter "Complaint"), see Docket Entry No. 1, but he did not submit his affidavit of indigence and institutional account statement pursuant to 28 U.S.C. § 1915(a) (1998) on the grounds that the correctional facility where Plaintiff is currently confined has been "locked down," and Plaintiff is currently in the process of obtaining such documents.

Page -1-

See Docket Entry No. 3 (hereinafter "Reply"). Based on Plaintiff's Reply and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.[1]

## BACKGROUND

Plaintiff's Complaint asserts that Plaintiff's criminal conviction resulted from undue conspiracy between Rubin Sinns, Plaintiff's defense counsel, and Jerry Chambers, the prosecutor of Plaintiff's case. See Compl. § 4. Plaintiff further asserts that, as a result of the aforesaid conspiracy, Plaintiff was subjected to undue duress and admitted to crimes Plaintiff did not commit. See id.

## STANDARD OF REVIEW

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C.

---

[1] Having no account statement presented by Plaintiff, the Court is unable to assess an initial partial filing fee in accordance with 28 U.S.C. § 1915(b)(1) and will permit the Complaint to be filed pursuant to 28 U.S.C. § 1915(b)(4) without the assessment of an initial partial filing fee.

§ 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.  However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id.  Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

Liberally construing the above-quoted statement made in

Plaintiff's Complaint, see Haines, 404 U.S. at 520, the Court concludes that Plaintiff: (1) unambiguously concedes that he did not attempt to pursue any administrative remedy; and (2) alleges that Plaintiff's decision not to attempt to pursue any administrative remedy was based on Plaintiff's conclusion that complaining to the low-ranked officers would be futile.

## DISCUSSION

**A.   Prosecutorial Immunity**

Plaintiff's Complaint may be liberally read as asserting that Prosecutor Chambers maliciously initiated and pursued Plaintiff's criminal prosecution.

A claim of malicious prosecution under § 1983 "alleges the abuse of the judicial process by government agents." Gallo v. City of Philadelphia, 161 F.3d 217, 225 (3d Cir. 1998).  To state a prima facie case for a § 1983 claim of malicious prosecution, a plaintiff must establish that (1) the criminal charge was instituted or continued by the defendant against the plaintiff; (2) the prosecution resulted in a seizure or violation of other explicit text of the Constitution; (3) an absence of probable cause to prosecute; (4) the prosecution was actuated by malice, which may be inferred from an absence of probable cause or a primary purpose other than bringing the offender to justice; and (5) a favorable termination.   See Merkle v. Upper Dublin School Dist., 211 F.3d 782, 791-5 (3d Cir. 2000); Torres v. McLaughlin, 163 F.3d 169, 172-

Page -4-

74 (3d Cir. 1998); Gallo, 161 F.3d at 222-5; Lind v. Schmid, 67 N.J. 255, 262 (1975).

In the instant case, however, Plaintiff's claim against prosecutor Chambers would be dismissed because prosecutors are absolutely immune from damage actions under § 1983 for "initiating and pursuing a criminal prosecution." Kalina v. Fletcher, 522 U.S. 118 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 410 (1976)).

**B.     Claim Against Defense Counsel**

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099,

1107 (3d Cir. 1989).

"The color of state law . . . is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." Id. at 638. The color of state law element in a section 1983 action requires that "the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State." Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). For the conduct to be "fairly attributable" to the State, (1) the deprivation must be caused by (a) the exercise of some right or privilege created by the State or (b) by a rule of conduct imposed by it or by a person for whom the State is responsible, and (2) the defendant must be a person who may fairly be said to be a state actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or (c) performed conduct otherwise chargeable to the State. See id. at 936-39.

The United States Supreme Court has articulated several instances where a private party's actions may be fairly attributed to state action, including when: (1) it results from the State's exercise of "coercive power"; (2) the State provides significant encouragement, either overt or covert; (3) a private actor operates as a willful participant in joint activity with the State or its agents; (4) a nominally private entity is controlled by an agency of the State; (5) a private entity has been delegated a public

function by the State; or (6) the private entity is entwined with governmental policies, or the government is entwined in its management or control.  See Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n, 531 U.S. 288, 296 (2001) (internal quotations and citations omitted).  The Court, in deciding whether a particular action or course of action by a private party is governmental in character, must examine: (1) the extent to which the actor relies on governmental assistance and benefits; (2) whether the actor is performing a traditional public function; and (3) whether the injury caused is aggravated in a unique way by the incidents of governmental authority.  See Edmonson v. Leesville Concrete Co., 500 U.S. 614, 621 (1991).

It is well-settled that neither a privately retained counsel nor a court-appointed public defender who performs a lawyer's traditional function as counsel to a defendant in a criminal proceeding could be deemed as acting under color of law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Whether court-appointed or privately retained, a defense attorney represents only her client and not the state.  See Johnson v. Kafrissen, 1995 U.S. Dist. LEXIS 8072, at *2 (E.D. Pa. June 5, 1995).  The only exception lies if a defense counsel conspires with the prosecution.  However, for a conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983, and (2) actions taken in concert by defendants with the

Page -7-

specific intent to violate that right.  See Williams v. Fedor, 69 F. Supp.2d 649, 665-66 (M.D.Pa.), aff'd, 211 F.3d 1263 (3d Cir. 2000) (citing Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999)); see also Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir. 1993) (plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law); Kelley v. Myler, 149 F.3d 641, 648-49 (7th Cir. 1998) (an agreement or an understanding to deprive the plaintiff of constitutional rights must exist).

In the case at bar, even if this Court is to hypothesize that Defendants Sinns and Chambers took actions in concert "with the specific intent to violate [Plaintiff's] right," Plaintiff's claim again Defendant Sinns would be dismissed since Plaintiff seeks damages for harm resulting from his pleading guilty to a crime that he allegedly did not commit.  Such damage claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994).  The Supreme Court held in Heck that an action under § 1983 seeking "damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at

486-87.  Nothing in Plaintiff's Complaint indicates that Plaintiff's "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Plaintiff merely complains that he pled guilty to a crime that he did not commit because his defense counsel conspired with prosecution.

Hence, if this Court is to find his counsel's conspiracy caused Plaintiff to admit to crimes Plaintiff did not commit, then the Court would effectively rule that Plaintiff's conviction was invalid.  See Hill, 474 U.S. at 56.  However, such finding and, therefore, Plaintiff's underlying § 1983 claim is barred by Heck. See 512 U.S. 477.

**CONCLUSION**

Because Plaintiff's claims for damages are barred by <u>Heck</u> and <u>Kalina</u>, the Court is constrained to dismiss the Complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.  The Court grants Plaintiff's application to file the Complaint <u>in</u> <u>forma</u> <u>pauperis</u> and dismisses the Complaint.

The Court will enter an appropriate Order.


                                        /s/ Jose L. Linares
DATED: July 13, 2006                    UNITED STATES DISTRICT JUDGE